**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000639
01-JUN-2017
08:16 AM**

NO. CAAP-16-0000639

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MORTON BASSAN, JR. and KEIKO BASSAN,
Plaintiffs-Appellants,
v.
FEDERAL LAND BANK OF HAWAII (FLBH), including but not
limited to: LINUS TAVARES, THEODORE M. TOKUNAGA, et al.,
Defendants/Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 15-1-416K)

ORDER
GRANTING FEBRUARY 6, 2017 MOTION TO DISMISS APPELLATE COURT
CASE NUMBER CAAP-16-0000639 FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL PENDING MOTIONS
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Defendants-Appellees Federal Land
Bank of Hawaii (FLBH) and Linus Tavares's (Tavares) February 6,
2017 motion to dismiss appellate court case number CAAP-16-
0000639 for lack of appellate jurisdiction, (2) Plaintiffs-
Appellants Morton Bassan, Jr., and Keiko Bassan's (the Bassan
Appellants) March 6, 2017 memorandum in opposition to FLBH and
Tavares's February 6, 2017 motion, and (3) the record, it appears

that we lack appellate jurisdiction over the Bassan Appellants' appeal, purportedly from the Honorable Ronald Ibarra's August 26, 2016 judgment, because the circuit court's March 18, 2016 judgment had already resolved all claims against all parties in the underlying case, which triggered the thirty-day time period under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) for filing a notice of appeal, and the Bassan Appellants' September 27, 2016 notice of appeal was not timely under HRAP Rule 4(a)(1) as to the March 18, 2016 judgment.

Hawaii Revised Statutes (HRS) 641-1(a) (2016) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Furthermore, "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). The separate judgment must resolve all claims against all parties by either entering judgment on or dismissing each of the claims. Jenkins,

-2-

76 Hawaiʻi at 119, 869 P.2d at 1338.

The record reveals that the circuit court entered two judgments in this matter, (1) the first judgment on March 18, 2016, and (2) the second judgment on August 26, 2016. The March 18, 2016 judgment and the August 26, 2016 judgment are substantively identical in that each of them resolves all claims against all parties by expressly dismissing "all of the claims of and against all of the parties in this action." Both the March 18, 2016 judgment and the August 26, 2016 judgment satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins. Nevertheless, when a circuit court enters multiple judgments on the same claims in any case,

> [t]he general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); State v. Mainaaupo, 117 Hawaiʻi 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008).

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.

Poe v. Hawaiʻi Labor Relations Board, 98 Hawaiʻi at 418, 49 P.3d

at 384 (citations, internal quotation marks, and original brackets omitted; emphasis added). Because the March 18, 2016 judgment and the August 26, 2016 judgment are substantively identical, the March 18, 2016 judgment triggered the thirty-day time period under HRAP Rule 4(a)(1) for filing a timely notice of appeal, and the subsequent entry of the August 26, 2016 judgment did not postpone the time period within which any aggrieved party had to file a notice of appeal for appellate review of the circuit court's final adjudication of the claims in the March 18, 2016 judgment.

The Bassan Appellants did not file their September 27, 2016 notice of appeal within thirty days after entry of the March 18, 2016 judgment, as HRAP Rule 4(a)(1) required under the holding in Poe. Therefore, the Bassan Appellants' September 27, 2016 notice of appeal is untimely under HRAP Rule 4(a)(1) as to the March 18, 2016 judgment. The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of [the HRAP]."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Consequently, we lack appellate jurisdiction over this case.

Therefore, IT IS HEREBY ORDERED that FLBH and Tavares's February 6, 2017 motion to dismiss the Bassan Appellants' appeal is granted, and appellate court case number CAAP-16-0000639 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000639 are dismissed as moot.

DATED: Honolulu, Hawai'i, June 1, 2017.

Presiding Judge

Associate Judge

Associate Judge